UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS D. MAGRUDER AND VIRGINIA CARRINGTON MAGRUDER        PLAINTIFFS

V.                                                CIVIL ACTION NO. 1:07cv564-LTS-RHW

AMICA MUTUAL INSURANCE COMPANY                                    DEFENDANT

## **ORDER**

This order addresses Defendant's [200] Motion to Bifurcate and its [51] Motion for Partial Summary Judgment. Plaintiffs, under the authority of Fed. R. Civ. P. 56(f) (Court may order continuance of summary judgment application to permit adequate presentation of opposition), received an [58] extension of time to file their response, which was ultimately submitted [167] on October 27, 2008 (in spite of an October 15 deadline).

Plaintiffs sustained a loss to their home in Ocean Springs, Mississippi, as a result of Hurricane Katrina. After several inspections of the insured residence, Defendant unconditionally tendered Plaintiffs a total of $37,506.42, representing payments on the dwelling ($29,481.02 calculated by subtracting depreciation from the replacement cost for what Defendant maintains is Plaintiffs' covered loss); contents ($388.35); and living expenses ($4,684.98). Plaintiffs assert that they are entitled to a much greater amount in insurance benefits (basic coverage under the policy is $649,000 for the dwelling, subject to increase; $64,900 for other structures; and $486,750 for contents).

Defendant's motion for partial summary judgment is aimed at punitive and extra-contractual damages. After a thorough review of the record, and under the standards of Fed. R. Civ. P. 56, it can not be said at this stage of the proceedings that there are no genuine issues of material fact and that Defendant is entitled to partial judgment as a matter of law.

This cause of action is between Plaintiffs and Defendant arising under a contractual relationship, with Defendant owing obligations to Plaintiffs, including the implied duty of good faith and fair dealing, and the legal responsibility to fairly investigate and evaluate their claims and respond appropriately. It is a close question on whether judgment is appropriate at this time on the issues of punitive and extra-contractual damages, but, under the entirety of the circumstances and for the purposes of Rule 56, it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiffs. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party. The parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction or one that deals with extra-contractual damages.

Before turning to the related issue of bifurcation, it should be pointed out that *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), much relied upon by Defendant, suggests that consequential or extra-contractual damages may be appropriate even when punitive damages are not. The Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded.

This case will be tried in accordance with Mississippi law as to bifurcation with respect to the coverage claim, on the one hand, and punitive/extra-contractual damages, on the other. Judge Ozerden ruled recently in *Fowler v. State Farm Fire & Casualty Co., et al.*, No. 1:06cv489, now settled, that the case would be tried in three phases. The first phase would consider the underlying contractual/coverage/negligence claims. The second and third phases were to be reserved for consideration of issues related to punitive and extra-contractual damages. This is a valid method. Depending on the outcome of the first phase of the trial, it follows that the non-contractual damages identified by Plaintiffs potentially do not come into play until after the first phase. Thus, the only issue to be tried in phase one is the coverage claim. The subject(s) of any additional phases will be determined once the first phase is fully concluded. Of course, counsel for each party may make statements at the beginning of each phase that is held.

Finally, as the Court has stated numerous times, it is difficult to envision a breach of an insurance contract suit without consideration of the manner in which the claim was handled. This would be the case even if punitive or extra-contractual damages were not sought. Therefore, Plaintiffs will be allowed to introduce evidence in the initial phase concerning the handling of the claim by Defendant (keeping in mind that the Court will instruct the jury on the applicable law). Plaintiffs will also be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction of the Court.

Accordingly, **IT IS ORDERED**:

Defendant's [51] Motion for Partial Summary Judgment is **DENIED**;

Defendant's [200] Motion to Bifurcate is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED** this the 3rd day of February, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE