**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**


**THOMAS D. MAGRUDER and VIRGINIA CARRINGTON MAGRUDER**     **PLAINTIFFS**

**V.**                                   **CIVIL ACTION NO.1:07CV564 LTS-RHW**

**AMICA MUTUAL INSURANCE COMPANY**                 **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**
**CONCERNING OPINION EVIDENCE OF ACTUAL CASH VALUE**
**OF THE INSURED PROPERTY BY THE PLAINTIFFS**

The Court has before it two closely-related motions:

1.     Plaintiffs' motion [207] for leave to supplement their designation of expert witnesses to include themselves as experts concerning the actual cash value of their insured property at the time of loss;

2.     Defendant's motion [210] to strike Plaintiffs' third set of supplemental responses to Defendant's first set of interrogatories (the responses having designated the plaintiffs as experts concerning the actual cash value of their insured property at the time of loss).

Both of these motions present the question whether the plaintiffs, the owners of the insured property, should be permitted to express their opinions concerning the actual cash value of their property when neither was identified as an expert witness during the discovery phase of this litigation. I believe this issue requires that I exercise my discretion in an effort to reach a just balance between the interests of the plaintiffs in presenting evidence in support of their claim and the interest of the defendant in having a full and fair opportunity to meet this evidence at trial.

A property owner may, as a general proposition, testify to the value of his land or property based on the special knowledge arising from his ownership interest. While the owner's testimony is normally permitted, there must be a rational basis for any opinion he expresses concerning value. In *Potters II v. State Highway Commission*, 608 So.2d 1227 (Miss.1992), the Mississippi Supreme Court observed that "the landowner can[not] get on the witness stand and say anything he wants," *Id* at 1235, and "[n]othing . . . empowers a landowner to present an opinion based upon legally irrelevant factors." *Id*. The owner's testimony concerning value is essentially his opinion on this issue, and the opinion must be based upon more than speculation or conjecture.

The testimony of an owner concerning the value of his property is governed by Rule 702 of the Federal Rules of Evidence:

### Testimony by Experts

*If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.*

The Advisory Committee Notes to the 1972 proposed rules state:

*The rule is broadly phrased. The fields of knowledge which may be drawn upon are not limited merely to the "scientific" and "technical" but extend to all "specialized" knowledge. Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by "knowledge, skill, experience, training or education." Thus within the scope of the rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called "skilled" witnesses, such as bankers or* **landowners testifying to land values***.* (Emphasis added).

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure states:

*(2)* **Disclosure of Expert Testimony**
  *(A)* In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.*

If an expert is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" a written report containing specific information must be furnished at the time the witness is disclosed. Plaintiffs do not fall within this category, but, because they intend to offer opinion testimony covered by Rule 702 of the Federal Rules of Evidence, the defendants are entitled to know not only the substance of their opinions but also the basis for their opinions.

In this instance I will exercise my discretion to allow the plaintiffs to express their opinions on the actual cash value of their insured property at the time of the loss. But I will require that the plaintiffs, before the pre-trial conference, further supplement their discovery responses to state the factual basis that supports their anticipated testimony. When this additional supplementation has been made, I will hear from the defendant's

representatives on the question whether additional discovery is necessary to allow the defendant a full and fair opportunity to meet this evidence at trial.

**ORDERED**

That Plaintiffs' motion [207] for leave to supplement their designation of expert witnesses to include themselves as experts concerning the actual cash value of their insured property at the time of loss is **GRANTED**;

That Defendant's motion [210] to strike Plaintiffs' third set of supplemental responses to Defendant's first set of interrogatories (the responses having designated the plaintiffs as experts concerning the actual cash value of their insured property at the time of loss) is **DENIED**.

That Plaintiffs shall, prior to the pre-trial conference on February 9, 2009, further supplement their discovery responses to state the factual basis that supports the plaintiffs' anticipated testimony concerning the actual cash value of the insured property on the date of loss. At the pre-trial conference, I will decide whether additional discovery is necessary to allow the defendant a full and fair opportunity to meet the plaintiffs' opinion testimony concerning the actual cash value of the insured property at trial.

**SO ORDERED** this 4th day of February, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE